

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
2001 BRYAN STREET, SUITE 1800
DALLAS, TEXAS 75201

RACHEL L. HYTKEN  
Email: rhytken@qslwm.com

Phone: (214) 880-1829  
Fax: (214) 871-2111

July 26, 2022

Via Email: Byron_Thomas@txs.uscourts.gov  
**Byron Thomas, Case Manager for Judge George C. Hanks, Jr.**  
United States District Court  
515 Rusk St., Room 5300  
Houston, TX 77002

  Re: Request for pre-motion conference; Civil Action No. 4:22-cv-02263; *William Carlson v. JPMorgan Chase Bank, N.A.*; in the United States District Court for the Southern District of Texas, Houston Division

Dear Mr. Thomas:

  I represent JPMorgan Chase Bank, N.A. ("JPMC") and am writing pursuant to the Court's procedure 6.B. JPMC requests a pre-motion conference in connection with its desire to file a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

  This suit arises from a residential mortgage loan that was modified in 2018. The Loan went back into default in 2019. In early 2020, JPMC reviewed the borrowers for loss mitigation options and determined them to be ineligible for a modification. It sent them a decision letter dated April 14, 2020. JPMC, however, was able to offer COVID-19 forbearance through August 31, 2021.

  Plaintiff William Carlson ("Plaintiff"), one of the borrowers to the loan, initiated this suit against JPMC to stop a foreclosure sale scheduled for July 5, 2022. He contends that JPMC failed to provide him face-to-face counseling, notice of default, opportunity to cure, and notice of acceleration. He further alleges that JPMC promised him a loan modification during a COVID-19 forbearance plan and that JPMC never modified the loan and instead attempted to proceed with foreclosure. Plaintiff alleges JPMC breached its contract with Plaintiff (Doc. 1-4 at 6) yet fails to plead facts to support consequential damages. He contends that JPMC violated Chapter 51 of the Texas Property Code (Doc. 1-4 at 7) though no foreclosure occurred, and Texas does not recognize attempted wrongful foreclosure as a cause of action. He contends that JPMC committed fraud in the inducement or fraud by nondisclosure (Doc. 1-4 at 8) despite the statute of frauds (among other defenses) barring him from enforcing an alleged oral promise to modify the Loan. Moreover, Plaintiff asserts a claim for intentional infliction of emotional distress (Doc. 1-4 at 9) though the Complaint contains no allegations of outrageous conduct.

As discussed below, each of those claims fails on its face.

An action for breach of contract requires an allegation that "the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.–San Antonio 2015, pet. denied). Plaintiff has not made a plausible allegation that he was damaged as a result of Defendant's alleged breach of contract. Plaintiff does not allege that he has lost his home. Plaintiff seeks to recover attorney's fees, but "attorney's fees for the prosecution or defense of a claim are not damages under Texas law." *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038 (5th Cir. 2014). Plaintiff seeks "mental anguish damages[,]"28 but mental anguish damages are not recoverable for a breach of contract. *Latham v. Castillo*, 972 S.W.2d 66, 71 (Tex. 1998). Plaintiff contends that he is "entitled to recover her actual damages from Defendant[,]" but without some indication as to what those damages are, this contention is just a threadbare recital of the "damages" element of a breach of contract claim – a "mere conclusory statement[ ]" that will not suffice. *Iqbal*, 129 S. Ct. at 1949.

Plaintiff's claim for violations of Chapter 51 of the Texas Property Code fails because no foreclosure sale occurred. *See Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 407 (5th Cir. 2017) ("[B]ecause foreclosure of the property did not occur, we need not revisit the district court's conclusions as to whether Foster has a viable notice-of-foreclosure cause of action under Section 51.002 of the Texas Property Code."). The Texas Property Code violation claim should be dismissed on this basis alone.

Plaintiff's fraud claim does not meet the heightened pleading requirements of Fed. R. Civ. P. 9. Rather than specify the who, what, when, where, and why of the alleged fraud, it baldly alleges bad acts, unspecified omissions, and a confidential relationship without factual foundation. To the extent Plaintiff intends for the purported fraud claim to rest on the alleged promise to modify the mortgage, the statute of frauds bars the claim. Such an oral agreement would alter the terms of the parties' written loan agreement (which exceeds $50,000 in value). "To satisfy the statute of frauds in Texas, a writing ... 'must be complete within itself in every material detail and contain all of the essential elements of the agreement.'" *See Scott v. Bank of Am., N.A.*, 597 Fed. Appx. 223, 225 (5th Cir. 2014). Plaintiff has not alleged anything about a written loan-modification agreement incorporating the new terms that satisfy the statute of frauds. Further, Plaintiff does not allege that such a document had been prepared or that JPMC promised to sign it. Because Plaintiff does not satisfy the heightened pleading requirements of Rule 9 and it appears he seeks to obtain the benefit of an alleged oral agreement that plainly offends the statute of frauds, his fraud claim fails as a matter of law.

The Complaint does not state a claim for intentional infliction of emotional distress. Under Texas, Plaintiff must plead and prove that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was "extreme and outrageous"; (3) the defendant caused the plaintiff to suffer emotional distress; and (4) that emotional distress was severe. *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Whether a defendant's conduct is "extreme and outrageous" is a question of law. *Brewerton v. Dalrymple*, 997 S.W.2d 212, 216 (Tex. 1999). To be "extreme and outrageous," the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999) (quotation marks and citation omitted).

Repeatedly, "courts have rejected claims asserting intentional infliction of emotional distress where defendants simply exercised rights owed under mortgage loan documents." *Amaechi-Akuechiama v. U.S. Bank, N.A.*, 3:19-CV-00234, 2020 WL 908138, at *8 (S.D. Tex. Jan. 31, 2020), report and

recommendation adopted, 3:19-CV-00234, 2020 WL 906287 (S.D. Tex. Feb. 25, 2020); *Garza v. Deutsche Bank Tr. Co. Ams.*, No. A-12-CV-741 LY, 2012 WL 13029409, at *6 (W.D. Tex. Oct. 24, 2012). *See also Auriti v. Wells Fargo Bank, N.A.*, No. 3:12-CV-334, 2013 WL 2417832, at *8 (S.D. Tex. June 3, 2013) ("The actions of a financial institution attempting to enforce its contractual right to foreclose on a deed of trust under which the homeowner has defaulted, without more, do not meet the high bar of 'outrageous' behavior."); Baskett v. Pleasant, 1996 WL 135680, at *3 (Tex. App.—Dallas Mar. 27, 1996, writ denied) (defendant did no more than insist on legal rights as noteholder and landlord by engaging in proceedings incident to default and subsequent foreclosure and conduct thus cannot as matter of law support claim for intentional infliction of emotional distress.

I personally conferred with Clay Vilt, counsel for Plaintiff on July 20, 2022 in an effort to resolve this dispute. I discussed the above authority and also provided Mr. Vilt with copies of the 2018 Loan Modification, the 2020 loss mitigation decision letter, and additional documents, including the notice of default, notice of acceleration, and correspondence reminding Plaintiff that his COVID-19 forbearance plan would end in August 2021. Nonetheless, Plaintiff refused to voluntarily dismiss any of his causes of action.

Accordingly, JPMC has no choice but to seek relief from the Court, including permission to file a motion to dismiss with respect to the claims in the Complaint.

Sincerely,

*/s/ Rachel L. Hytken*
Rachel L. Hytken